IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:04-cr-00054-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN DOE aka Eric Cruz, et al, | ) | |
| | ) | **DEFENDANT'S** |
| Defendants. | ) | **MEMORANDUM RE:** |
| _____ | ) | **RESENTENCING** |

### Factual And Procedural Background

In September, 2004 Mr. Doe faced three felony drug counts (drug conspiracy, distribution of powder cocaine and distribution of crack cocaine). On the eve of trial he pled guilty to all three counts. There was no plea agreement. The court took Mr. Doe's change of plea and ordered preparation of a Presentence Report (PSR).

In the final PSR the US Pretrial Services/Probation office calculated that Mr. Doe had a criminal history category of I, a total offense level of 28 and a U.S. Sentencing Guideline range of 78-97 months. But for the fact that he was "safety-valve" eligible under 18 U.S.C. 3553(f)(1)-(5) Mr. Doe would likely have received a minimum mandatory sentence of 120 months imprisonment.

Since he was safety-valve eligible however the court took that factor in to account. Ultimately, the court sentenced Mr. Doe to serve 78 months—the low end of his Guideline sentencing range.

**United States v. John Doe; Eric Cruz; et al**
**No. 3:04-cr-00054-JWS**
**Defendant's Memorandum re:**
**Resentencing**
**Page 1 of 7**

Mr. Doe appealed from his convictions and sentence alleging ineffective assistance of counsel and error on the part of the district court in assuming that the Guidelines were mandatory. The Ninth Circuit declined to review Mr. Doe's claim of ineffective assistance of counsel.

The Ninth Circuit found that this court erroneously assumed that the Guidelines were mandatory rather than advisory in nature. That finding led to a remand for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *See also United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005). Mr. Doe had preserved his objections to the application of the sentencing laws and Guidelines during his case below and on his merit appeal. Therefore Mr. Doe was not seeking a "plain error" review of his sentence under *Booker* and *Ameline*. The remand for resentencing does not provide that it is a so-called "limited" *Ameline* remand.

### **Law**

In *Booker* the Supreme Court held that *Blakely v. Washington,* 542 U.S. 296 (2004) applied to the U.S. Sentencing Guidelines and therefore sentences imposed by judges using the mandatory guidelines violated the Sixth Amendment right to a jury trial. A different majority in *Booker* held that 18 U.S.C. § 3553(b), which made the Guidelines mandatory, could be severed from the rest of the statute. Severance made the Guidelines advisory.

In *Ameline* the Ninth Circuit held that in cases involving an unpreserved Booker error that may have affected a defendant's substantial rights, and the record

**United States v. John Doe; Eric Cruz; et al**
**No. 3:04-cr-00054-JWS**
**Defendant's Memorandum re:**
**Resentencing**
**Page 2 of 7**

is insufficiently clear to conduct a complete plain error analysis, a panel should remand for the limited purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory. *Ameline*, 409 F.3d at 1074.

In *United States v. Combs*, 470 F.3d 1294 (9th Cir. 2006), a case from the U.S. District Court for Alaska, defendant appealed from the district court's decision, after a limited *Ameline* remand, to impose its original pre-*Booker* sentence. Judge Koscinski, writing for the majority, defined the issue as follows:

> **[]By what standard do we review a district court's determination, made during the course of an Ameline remand, that it would have imposed the same sentence under an advisory Guidelines system?**

*Combs,* 470 F.3d at 1296.

The two-part answer, at least according to the *Combs* majority, is that (1) the district court's determination that the original sentence will stand as a statement of the district court's state of mind is essentially unreviewable, and (2) the "reasonableness" review by an appellate court of the decision to let the original sentence stand should focus on the limited question of whether the district court "..properly understood the full scope of his discretion in a post-Booker world." *Id.,* 470 F.3d at 1296-97.

Judge Berzon, in dissent, disagreed. Judge Berzon argued that the post-resentencing reasonableness review under *Ameline* was never intended to be less

**United States v. John Doe; Eric Cruz; et al**
**No. 3:04-cr-00054-JWS**
**Defendant's Memorandum re:**
**Resentencing**
**Page 3 of 7**

that the reasonableness review generally afforded to post-*Booker* sentences.  *Id.* 470 F.3d at 1298-99.

Judge Berzon has the better of the debate and Mr. Doe here expressly reserves his right to object to and appeal from any decision of this court that is inconsistent with the legal rules or principles articulated by Judge Berzon in his dissent in *Combs*.

*Combs* by its terms seems only to apply to "limited" *Ameline* remands, that is, remands to review pre-*Booker* sentences for plain error.  Mr. Doe's case does not fall in to that category.  Mr. Doe preserved all of his objections and points of error from conviction and sentencing on.  The remand of his case for resentencing is not a "limited" *Ameline* remand.

### Reasons For Imposing New Sentence

The final PSR documents the fact that Mr. Cruz suffered from a weakened medical condition, memory lapses, progressively worse alcoholism and heightened strain from being the father of four children.  PSR Those factors are relevant under 18 U.S.C. § 3553.  The 78-month sentence imposed by the court was harsher than was necessary to accomplish the goals of retributive justice and ought to have been counter-balanced by considerations based upon Mr. Doe's personal mental, physical and emotional health.  A 60-month sentence will sufficiently isolate and deter Mr. Doe without exacerbating his fragile health.  Another significant factor is the low risk that Mr. Doe will become a recidivist.

**United States v.  John Doe; Eric Cruz; et al**
**No. 3:04-cr-00054-JWS**
**Defendant's Memorandum re:**
**Resentencing**
**Page 4 of 7**

Mr. Doe is young, in fragile health and possessed of only one prior infraction on his criminal history. He has children to support. He offenses appear to have been crimes of opportunity and not malice. Since Mr. Doe does not seem to be a U.S. citizen he will almost certainly be deported at the end of his term of supervised release.

Taken as a whole Mr. Cruz appears to be a low-risk offender. He seems to have sold some drugs in order to survive. An adjustment to his sentence from 78 down to 60 months will enhance his ability to learn marketable skills and obtain suitable employment once he is released. A new 60-month sentence will also do substantial justice.

For the reasons set forth above Mr. Doe requests that the court re-sentence him to a term of not more than 60 months imprisonment.

DATED this 9th day of April, 2007 at Anchorage, Alaska.

>   Sterling & DeArmond
>   Counsel for Defendant
>   **John Doe aka Eric Cruz**
>
>   By: s/ Scott A. Sterling
>       Scott A. Sterling
>       Sterling & Dearmond
>       851 Westpoint Drive, Suite 201
>       Wasilla, Alaska 99654
>       Telephone: (907) 376-8076
>       Fax:       (907) 376-8078
>   Email: scottsterling@alaskalawyers.net
>       Bar No. 8706053

**United States v. John Doe; Eric Cruz; et al**
**No. 3:04-cr-00054-JWS**
**Defendant's Memorandum re:**
**Resentencing**
**Page 5 of 7**

**United States v. John Doe; Eric Cruz; et al**
**No. 3:04-cr-00054-JWS**
**Defendant's Memorandum re:**
**Resentencing**
**Page 6 of 7**

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served by electronic means using the ECF system on the 9th day of April, 2007 upon:

AUSA Joe Bottini
222 West 7th Avenue
Anchorage, Alaska 99513
Fax:: (907) 271-1500
Counsel for Plaintiff

By: /s/ Scott A. Sterling

**United States v. John Doe; Eric Cruz; et al**
**No. 3:04-cr-00054-JWS**
**Defendant's Memorandum re:**
**Resentencing**
**Page 7 of 7**