NELSON P. COHEN
United States Attorney

JOSEPH W. BOTTINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: joseph.bottini@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:04-cr-00054-JWS |
| ) | |
| Plaintiff, ) | **GOVERNMENT'S** |
| ) | **SENTENCING** |
| v. ) | **MEMORANDUM** |
| ) | |
| JOHN DOE, ) | |
| aka Eric Lee Cruz, ) | |
| aka "Cujo",, ) | |
| ) | |
| Defendant. ) | |

COMES NOW the United States of America, by and through it's counsel, and submits this memorandum in reply to the defendant's resentencing memorandum filed on April 9, 2007.

**INTRODUCTION**

On January 4, 2005, this court sentenced the defendant to 78 months in custody, following his convictions for one count of Drug Conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 841(b)(1)(C) and (A), one count of Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of Distribution of 50 Grams or More of Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The 78 month sentence represented the low end of the sentencing guideline range.

At the time of sentencing, Doe's attorney noted that Doe was not waiving any potential issues raised by the pending decision by the United States Supreme Court in United States v.Booker, 543 U.S. 220 (2005). After the defendant was sentenced, the Supreme Court decided Booker, which effectively rendered the United States Sentencing Guidelines advisory rather than mandatory.

Doe appealed both his convictions and sentence . A panel of the Ninth Circuit Court of Appeals affirmed the convictions, but vacated the sentence and remanded for resentencing. The panel noted that the district court had imposed sentence under the assumption that the guidelines were mandatory and remanded for resentencing in light of the decision in Booker.

On remand, the district court has correctly framed the issue to now be decided as whether "the court should have imposed a different sentence under an advisory guideline scheme than the sentence actually imposed." For the following reasons, the United States submits that the sentence imposed was a fair and just sentence, even in light of an advisory guideline scheme.

**THE OFFENSE CONDUCT** [1]

To begin with, the offense conduct here was quite serious. On October 31, 2003, Doe sold approximately two ounces (55.7 net grams) of cocaine to a federal law enforcement agent (who was acting in an undercover capacity) for $2,100.00. That transaction was videotaped.

On December 9, 2003, a meeting took place between a confidential informant (CI), defendant Doe, and a woman by the name of Stefany Rook. This transaction was also videotaped by law enforcement officers conducting surveillance of the meeting. Ms. Rook (who was a bilingual speaker of English and Spanish) acted as a translator between the CI (who speaks English) and Doe, who primarily speaks Spanish. During the meeting, Ms. Rook translated a

---

[1] The facts set forth in this synopsis are taken from the uncontested facts in the "Offense Conduct" section of the defendant's Revised Presentence Report (PSR).

conversation between the CI and Doe relating to Doe selling four ounces of crack cocaine to a contact of the CI (the undercover agent who had purchased the cocaine from Doe on October 31, 2003) in a couple of days.

The drug transaction which was set up during the December 9th meeting took place two days later - on December 11, 2003. During an audiotaped transaction, Doe sold approximately three ounces (82.5 net grams) of crack cocaine to the undercover federal agent for $3,600.00.

## THE RESULTING PROSECUTION AND SENTENCING

A federal grand jury sitting in the District of Alaska returned an Indictment in April, 2004, charging Doe with one count of Drug Conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 841(b)(1)(C) and (A), one count of Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of Distribution of 50 Grams or More of Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Clerk's Record ("CR"), Docket Number 1. Stefany Rook was charged as a co-defendant together with Doe in the Drug Conspiracy charge. Id.

Prior to trial, co-defendant Rook reached a plea agreement with the government and pled guilty to the Drug Conspiracy count. (CR 80, 81, 82). Doe's trial was set for July 26, 2004. On the morning of trial, Doe pled guilty, without a plea agreement, to the three charges in the Indictment against him. (CR 98, 99, 100).

As earlier noted, Doe was sentenced on January 5, 2005. The Revised Presentence Report (PSR) prepared for sentencing concluded that the defendant faced a sentencing range of **78 to 96 months.** Neither party objected to this calculation of the adjusted Base Offense Level, which had taken into account a "safety valve" reduction pursuant to 18 U.S.C. §§3553(f)(1)-(5).

At sentencing, Doe also maintained that he was entitled to a reduction of his base offense level due to his alleged "minor role" in the offenses of conviction. (CR 127). According to Doe, he was less culpable than his co-conspirators and basically acted merely as a "pass through" of the drugs to the undercover agent. Id. After taking evidence on this issue,[2] and after hearing argument from the parties,

---

[2] Prior to sentencing, the court reviewed the videotapes of the October 31, 2003, cocaine transaction and the December 9, 2003, meeting between Doe, the CI, and Ms. Rook where the crack sale by Doe two days later was negotiated, together with transcripts of the audio portions of those recordings.

the district court declined to find that Doe was a minor participant in the criminal activity.

Based upon a total adjusted Sentencing Guideline offense level of **28** [3] and a criminal history category of **I**, the defendant was sentenced to 78 months in custody - which represented the low end of the adjusted guideline range.

## ON REMAND, THERE IS NO REASON TO IMPOSE A DIFFERENT SENTENCE

Doe maintains that the Revised PSR contained information about his physical and mental condition that the court should now take into consideration in resentencing, and that these factors justify a further reduction in his sentence. Doe also maintains that the 78 month sentence "was harsher than necessary" to accomplish the goals of retributive justice. Doe suggests that a sentence of 60 months is appropriate on remand.

The government disagrees and maintains that the original sentence was appropriate, fair and just. This defendant was involved in significant drug trafficking activity. In one transaction alone, he sold three ounces (82.5 net grams)

---

[3] The defendant's unadjusted Base Offense Level was 32, however, he had received a two level reduction for "acceptance of responsibility" pursuant to U.S.S.G. § 3E1.1 as well as a two level "safety valve" reduction pursuant to U.S.S.G. § 5C1.2.

of crack cocaine to a person who turned out to be an undercover federal law enforcement officer. Due to that single transaction alone, the defendant faced a mandatory minimum sentence of 10 years (120 months). At sentencing, the defendant received a substantial immediate discount by virtue of the "safety valve" adjustment. The defendant was sentenced at the low end of the adjusted range.

There is no information in the Revised PSR substantiating an argument that the defendant has a serious physical or mental condition such that a lower sentence may be appropriate in light of the factors set forth at 18 U.S.C. §3553. None of the other factors cited by the defendant (children to support, likelihood of removal or deportation, etc.) are the type of considerations that would warrant a further

// //

// //

// //

// //

// //

// //

// //

// //

reduction of a sentence that already represented a substantial discount from what the defendant would have otherwise been facing.

RESPECTFULLY SUBMITTED this 20th day of April, 2007, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Joseph W. Bottini
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: joseph.bottini@usdoj.gov
AK #8411099

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2007, a copy of the foregoing Government's Sentencing Memorandum was served electronically on Scott A. Sterling.

s/ Joseph Bottini