John Doe Reg.# 14951-006
Federal Correction Institution
Lompoc, CA 93436
Pro-Se



UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: No. 3;04-cr-0054-JWS |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. 3582 (c)(2)** |
| vs. | |
| JOHN DOE aka Erick Cruz, et al, | |
| Defendant | |

1. **ORIGINAL SENTENCE.**

In December 11, 2003, defendant plead to count 1, conspiracy to possess with intend to distribute 50 grams or more of a substance containing a detectable amount of cocaine base (crack) in violation of 21 U.S.C. § 841 (a)(1) and (B)(1)(A). Defendant also pled guilty to Count 2, for intentionally and knowingly distributing a mixture or a substance containing a detectable amount of cocaine, and to pled guilty to count 3, knowingly distributing 50 grams or more of a mixture and substance containing a detectable amount of crack in violation of 21 U.S.C. § (a)(1) and (b)(1)(A).

The Presentence Report (PSR) found Doe's offense level at 32 based on a net weight off 85.5 grams of cocaine base. A two level reduction was given because the "safety valve provision" applied because Doe had a criminal history of I. Another II level reduction was given due to his acceptance of responsibility. This resulted in a new base offense level of 28 with a criminal history category I and a guideline range of 78 to 97 months. However the court sentenced defendant to the minimum imprisonment period required by the guidelines, i.e 78 months and ordered a term of supervised release of III years.

Defendant Doe, appealed his sentence, and the Ninth Circuit Court found that this court had erroneously assumed that the guidelines were mandatory rather than advisory in nature. Subsequently, the Ninth Circuit remanded the case for resentencing. On November 13, 2007, the court imposed a reduced sentence of 72 months

**2. CHANGES IN LAW:**

At the time of sentencing, the crack guideline range was higher than the current amended version. The original base offense level for defendant drug offense after the necessary adjustments was 28 with a criminal history category I. Now, using the amended guideline range, the new base offense level should be

reduced from 28 to 26 with a guideline range between 63-78 months with criminal history category I.

In addition, the guideline range for the drugs was considered mandatory in 2001, before <u>United states v. Booker</u>, 543 U.S 220(2005) directed the courts to consider the guidelines as advisory and 18 U.S.C. § 3553(a) as controlling. Further, the Supreme Court in <u>Kimbrough v. United States</u> 128 S.Ct. 558 (2007) recently stated that the disparity between crack cocaine guidelines and the powder cocaine guidelines was a permissible reason for a variance from the sentencing guidelines.

### III. **AUTHORIZATION FOR MODIFICATION**:

This court has jurisdiction to modify Defendant Doe's sentence now under the plain language of 18 U.S.C. § 3582 (c), which provides that:

> *In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the sentencing commission pursuant to 28 U.S.C. § 994 (o), upon motion of the defendant or the Director of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the*

> *applicable policy statements issued by the Sentencing Commission.*

Each of the predicate conditions conferring jurisdiction are met in this case. Defendant Doe was sentenced in 2003 based on a guideline range that was lowered by the sentencing Commission in November 2007. A reduction now is consistent with the policy statements recently issued by the commission. The sentencing commission has determined that ameliorating the disparity between crack and powder cocaine should be made retroactive.

The Supreme Court's interpretation of the Sentencing Reform Act in <u>United States v. Booker</u>. U.S.220 (2005), applies to every component of the Act, including §3582 (c). Although <u>Booker</u> was presented as a constitutional case, the remedial portion of the opinion is one of statutory construction. As a matter of statutory construction, the Sentencing Reform Act only requires respectful consideration of the guideline ranges, but does nor require adherence to the sentencing ranges or the policy statements. <u>Booker</u>, 543U.S.at262. See also <u>Kimbrough v. United States</u>, 128 S.Ct. 558,570-71 (2007), and <u>Gall v. United States</u>, 128 S.Ct. 578,594(2007)

1  The advisory nature of the guidelines applies to all aspects of
2  the sentencing process, including an initial sentencing,
3  appellate review of a sentence, and re-sentencing upon remand.
4  See, Clark v. Martinez, 543 U.S 371, 378 (2005) In the United
5  States v. Hicks, 472 F.3d 1167,1171 (9th Cir.2007), the ninth
6  Circuit court of Appeals held that re-sentencing of defendants
7  under 18 U.S.C.§3582 (c) (2) should be guided by the dictates of
8  Booker regarding advisory guidelines and adherence to the §
9  3553a) (factors). Although Hicks was based on a change in the
10 firearms guidelines, the same principles apply to the change in
11 the crack guideline:"…Booker makes clear that the guidelines are
12 no longer mandatory in any context…" (Emphasis in original).
13
14       IV. **REQUEST FOR HEARING AND RE-SENTENCING**.
15
16       It is the defense positions that the base offense level of
17 Defendant Doe should be reduced from base offense level 28 to
18 26. The court at re-sentencing should also consider the factors
19 set forth in 18 U.S.C. § 3553(a), which could further permit a
20 further reduction in the drug sentence. Defendant Doe has
21 applied himself in prison, taken many courses and benefited from
22 various programs. (Exhibit A Certificates of Completion) In
23 addition Mr. Doe has been found by the Bureau of Prisons to have
24 no-mental problems and has had "clear conduct" for the tenure of
25 his sentence. (See Exhibit B progress report dated 02/25/08)

1 | Although Defendant Doe's release date is currently not until
2 | 2009, the BOP has classified Mr. Doe as "non-violent" and as a
3 | "low" risk. He has completed his financial responsibility
4 | requirements. (Exhibit B progress report)

6 | Defendant Doe has demonstrated that he is on the road to
7 | rehabilitation. The public safety will be served by a lower
8 | sentence using the appropriately reduced guideline range.

Dated this 22nd day of May, 2008

*John Doe*

John Doe Reg.# 14951-006
Federal Correction Institution
Lompoc, CA 93436
Pro-Se

United States v. Joe Doe Case No. 3; 04-cr-0054-JWS - 6